UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHNNIE HENDERSON,
   Plaintiff,

   vs.                                             No. 08-1339

EDDIE JONES, et. al.,
   Defendants

## MERIT REVIEW ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Johnnie Henderson, has filed his lawsuit pursuant to 42 U.S.C. §1983 stating that his constitutional rights have been violated at Pontiac Correctional Center. The plaintiff has named four defendants including Illinois Department of Corrections Deputy Director Eddie Jones, Correctional Officer Davison, Grievance Officer David Lingle and Counselor Wesley Wiles. The plaintiff says the defendants have violated his Fourteenth Amendment Due Process Rights and his Eighth Amendment right to be free from cruel and unusual punishment.

      The plaintiff says on June 12, 2007, a correctional officer wrote a disciplinary ticket against the plaintiff accusing him of throwing feces on another inmate. The correctional officer stated that the plaintiff had admitted to this act and two other correctional officers stated that they had witnessed the incident.

      The plaintiff says prior to this incident, in April of 2007, he had written a grievance against Defendant David Lingle. The plaintiff apparently did not believe Lingle had been impartial in a previous hearing. The plaintiff claims the grievance was still pending at the time of his hearing on the disciplinary ticket.

      The plaintiff says when he went before the Adjustment Committee on June 21, 2007, Defendant Lingle was one of the officers set to hear the case. The plaintiff says he immediately informed Lingle that he had a pending grievance against him and asked Lingle to remove himself from the hearing. The defendant stated that there was no reason he could not continue.

      The plaintiff says he then told Defendant Lingle that if he heard the ticket, the plaintiff

believed he would be violating his due process rights. Defendant Lingle again stated there was no reason he could not consider the ticket. Defendant Lingle then asked the plaintiff if he wanted to be present for the hearing or not? The plaintiff stated that he did want to hear the proceedings, but then began to read the department rule he felt Defendant Lingle was violating. Defendant Lingle responded by ordering that the plaintiff be taken back to his cell.

The plaintiff has attached a copy of the Adjustment Committee Report to his complaint which states that after the plaintiff was told a second time that the hearing would proceed, the plaintiff became "outraged and indicated there would be no hearing." (Comp, p. 16). The report states the plaintiff "failed to remain in the hearing due to his actions." (Comp., p. 16) The report also indicates that the plaintiff had filed a grievance against Defendant Lingle, but the grievance had been denied.

The report also indicates that the hearing covered two disciplinary tickets written on the same day. The first concerned Health, Smoking or Safety Violations; Attempted Assault and Damage or Misuse of Property. The plaintiff was found guilty of all three offenses. The second report concerned a claim of Damage or Misuse of Property. The plaintiff was also found guilty.

The hearing proceeded without the plaintiff. In addition, the committee refused to call the plaintiff's witness. The plaintiff says the committee claimed that the other inmate's statement would be irrelevant since the plaintiff had admitted to the incident in the disciplinary report. The plaintiff says he was found guilty and lost good time credits as a result.

The plaintiff says as soon as he was taken from the Adjustment Committee hearing, he wrote and spoke to Defendant Davidson, but no action was taken. The plaintiff says he also contacted the other named defendants, but again no action was taken.

The plaintiff has included the response to his grievance concerning the Adjustment Committee Hearing. (Comp, p. 17). The grievance officer states that the plaintiff was notified of the charges against him on June 12, 2007. The plaintiff was allowed to attend the hearing, but the report states he was taken away due to his loud and disruptive behavior. A witness was "interviewed prior to the hearing with testimony available to adjustment committee as noted in the record of proceedings." (Comp, p. 17) The proceedings state that the other inmate's statement would be "irrelevant as the (plaintiff) admitted to the reporting employee that he threw feces and urine into the cell." (Comp., p. 16). The plaintiff maintains he made no such admission.

The plaintiff has failed to articulate any violation of his Eighth Amendment rights. However, the loss of good time credits is a "liberty" interest protected by the Fourteenth Amendment. *Wolff v McDonnell,* 418 U.S. 539, 563-66 (1974). A prisoner is entitled to 24 hours written notice of the charge, an opportunity to present evidence to an impartial decision maker and a written statement explaining the boards' decision. *Id* at 570-71. The plaintiff is apparently claiming he was not given an opportunity to present evidence to an impartial decision maker since

2

he was not allowed to stay at the hearing and he says his witness was not considered.

The plaintiff has also filed a motion for appointment of counsel. [d/e 3]   Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer, *Merritt v. Faulkner,* 697 F.2d 761, 763 (7th Cir. 1983), but federal district courts are authorized by statute to appoint counsel where justified by "exceptional circumstances." *Farmer v Haas,* 990 F.2d 319, 322 (7th Cir. 1993)  Before a court will inquire as to whether a circumstances of a case are exceptional, the plaintiff must demonstrate that he has made reasonable efforts to retain counsel and was unsuccessful, or that he was effectively precluded from making such efforts. *Jackson v. County of McLean,* 953 F.2d 1070, 1072-73 (7th Cir. 1992); *see also Williams v Finney,* 2007 WL 3085958 at 1 (N.D. Ill. Oct. 18, 2007).  The plaintiff's motion makes no such representation. Therefore, the motion for appointment of counsel is denied with leave to refile with the required information.

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: Illinois Department of Corrections Deputy Director Eddie Jones,  Correctional Officer Davison, Grievance Officer David Lingle and Counselor Wesley Wiles violated the plaintiff's Fourteenth Amendment due process rights when he was not allowed to present evidence to an impartial decision maker during a hearing on his disciplinary ticket.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) This case is referred to the Magistrate Judge for consideration of the pending motion to proceed in forma pauperis. [d/e 4]**

**5) Once in forma pauperis status is decided, a Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion**

**to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**8) The plaintiff's motion for appointment of counsel is denied with leave to renew. [d/e 3]**

Entered this   2nd   Day of December, 2008.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE