UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHNNIE HENDERSON,
   Plaintiff,

  vs.                        No. 08-1339,

EDDIE JONES, et. al.,
   Defendants

## CASE MANAGEMENT ORDER

This cause is before the court for consideration of the defendants' motion to dismiss the plaintiff's complaint. [d/e 28].

On December 2, 2008, the court conducted a merit review of the plaintiff's complaint and found that the plaintiff had adequately alleged that four defendants from the Pontiac Correctional Center had violated the plaintiff's constitutional rights. *See* December 2, 2008 Merit Review Order. The defendant has now filed a motion to dismiss the complaint alleging that the plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

### I. BACKGROUND

In his complaint, the plaintiff alleges that Illinois Department of Corrections Deputy Director Eddie Jones, Correctional Officer Malcolm Davison, Grievance Officer David Lingle and Counselor Wesley Wiles violated the plaintiff's Fourteenth Amendment due process rights when the plaintiff was not allowed to present evidence to an impartial decision maker during a hearing on his disciplinary ticket.

The plaintiff says on June 12, 2007, he received a disciplinary ticket accusing him of throwing feces on another inmate. The reporting officer stated that the plaintiff admitted to this act and two other correctional officers claimed to have witnessed the incident.

The plaintiff says when he went before the Adjustment Committee on June 21, 2007, Correctional Officer David Lingle was one of the officers set to hear the case. The plaintiff did not believe Lingle could be an impartial decision-maker because the plaintiff wrote a grievance against Lingle in April of 2007. The plaintiff says his grievance was still pending. The plaintiff objected to Lingle's participation on the committee, but Lingle refused to step down. The plaintiff continued to argue and was removed from the hearing.

The Adjustment Committee Report attached to the plaintiff's complaint states that when

1

the plaintiff was repeatedly told the hearing would proceed he became "outraged and indicated there would be no hearing." (Comp, p. 16). The report says the plaintiff was removed from the proceedings due to his own conduct. The report also notes that the plaintiff had filed a grievance against Officer Lingle, but the grievance had been denied.

The Adjustment Committee found the plaintiff guilty of the offenses listed in the disciplinary report and lost good time credits as a result.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. It is well established that pro se complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied,* 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines,* 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).

## III. ANALYSIS

The defendants state that the plaintiff's complaint is barred because it calls into question the discipline imposed against the plaintiff. "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487 (1994). This holding has been extended to judgement in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997).

It is true that a prisoner is entitled to due process protections before being deprived of a liberty interest. The minimum requirements of procedural due process in the prison disciplinary context include: advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation of the disciplinary decision, supported by at least "some evidence" in the record. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir.2006), citing *Wolff v. McDonnell*, 418 U.S. 539, 564-66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

In this case, the plaintiff says he was not provided an impartial decisionmaker. However, the defendants are correct. The plaintiff's damage claims are:

not cognizable under § 1983 because his argument that he failed to receive an impartial decisionmaker, necessarily implies the invalidity of his convictions. Although (the plaintiff's) claim is that the procedure used in the disciplinary hearings was improper, not that the results necessarily were wrong, "[a] criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him." *Simmons v. DeBruyn*, 1998 WL 4736 at 2 (7th Cir. Jan. 6, 1988) *quoting Edwards,* 520 U.S. at 647.

The Seventh Circuit requires that before the plaintiff can bring this lawsuit pursuant to §1983, he must first demonstrate that the decision in the disciplinary hearing has been expunged. *Heck,* 512 U.S. at 487.

In response to the defendant's motion, the plaintiff seems to claim that he cannot file a *habeas* claim because he is no longer in disciplinary segregation. The plaintiff is incorrect. Prisoners who want to challenge disciplinary decisions revoking good-time credits must seek *habeas corpus* relief because they are contesting the duration of their custody. *See Edwards*, 520 U.S. at 648; *Heck,* 512 U.S. at 486-87.

The plaintiff then seems to claim that he has already brought a *habeas* claim, but was unsuccessful. If the plaintiff's claim was denied, he cannot pursue a §1983 claim. Therefore, the defendant's motion to dismiss the complaint is granted. [d/e 28]

**IT IS THEREFORE ORDERED:**

1) **The defendants motion to dismiss the plaintiff's complaint is granted. [d/e 28]. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not**

  **exceed the statutory filing fee of $350.00.**

4)  **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5)  **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6)  **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal** *in forma pauperis* **should set forth the issues the plaintiff plans to present on appeal.** *See* **Fed. R. App. P. 24(a)(1)c. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

  Entered this 13th day of August, 2009.

    **s\Harold A. Baker**

  _____
    HAROLD A. BAKER
  UNITED STATES DISTRICT JUDGE